716 P.2d 1063

**In the Matter of the APPEAL IN MARICOPA COUNTY JUVENILE ACTION NO. J–101252.**

**No. 1 CA–JUV 307.**

Court of Appeals of Arizona, Division 1, Department A.

March 27, 1986.

Ross P. Lee, Maricopa Co. Public Defender by Robert C. Billar, Deputy Public Defender, Phoenix, for appellee.

Thomas E. Collins, Maricopa Co. Atty., by Mark Deutsch, Deputy Co. Atty., Phoenix, for appellant State.

OPINION

BROOKS, Judge.

This is an appeal by the state from the juvenile court's *sua sponte* pretrial order

dismissing a juvenile petition with prejudice. For the following reasons, we reverse and remand with instructions to reinstate the petition.

The petition at issue was the fourth delinquency petition filed against this juvenile. The first petition resulted in the juvenile being placed on probation in the custody of his parents. Two later petitions resulted in his commitment to the State Department of Corrections for "suitable institutional placement for the term permitted by law unless sooner released pursuant to law." *See* A.R.S. § 8–246. Thereafter, the current petition was filed alleging that the juvenile had committed the crimes of burglary and petty theft, with both offenses having occurred prior to the juvenile's commitment to the Department of Corrections.

The state moved to continue the adjudication hearing because the alleged victim had previously planned to be out of town on the scheduled date. The juvenile court denied the state's motion to continue and then proceeded, *sua sponte*, to dismiss the petition with prejudice stating:

> [t]o proceed further with this matter would result in no benefit to the Court, the victim, the prosecution, the defense, the juvenile, the Court Center, the State Department of Corrections, or the taxpayer. It would result in an unreasonable, unwarranted, and unjustifiable expense to the taxpayer.

Apparently, the juvenile court was motivated by the fact that since the juvenile had already been committed to the Department of Corrections, it would serve no useful purpose to proceed on the current delinquency petition.

Although the juvenile court is vested with original and exclusive jurisdiction in all proceedings affecting delinquent children, "the powers of the judges to control such children shall be as provided by law." Ariz. Const. art. VI, § 15. Both parties acknowledge that there is no specific statute or rule of procedure which would directly authorize the action which was taken by the juvenile court in this case. The juvenile contends, however, that the court

had the "inherent authority" to dismiss the petition. Without deciding under what hypothetical circumstances a juvenile court would have the inherent authority to dismiss a delinquency petition, we hold that the court had no authority to dismiss the petition, with or without prejudice, under the facts of the instant case.

It is important to note that in its motion to continue the adjudication hearing, the state did not suggest that it would be unable or unwilling to proceed on the scheduled date in the event that the motion was denied. Had this occurred, a different factual and legal question would be presented. The juvenile court simply denied the state's motion and then decided that the delinquency petition was not worth pursuing.

Although the juvenile court's action might be considered commendable from a practical standpoint, while also serving the interests of judicial economy, we find that the court improperly invaded the province of the county attorney, whose role it is to determine whether or not to initiate and prosecute formal delinquency proceedings in the juvenile court. In that regard, A.R.S. § 8–233(A) provides:

> The county attorney shall:
>
> 1. Direct such investigation he deems necessary of acts of alleged delinquent behavior;
>
> 2. Cause petitions alleging delinquent behavior to be drafted and filed with the juvenile court as he deems necessary in the public interest; and
>
> 3. Attend the juvenile court within his county and conduct on behalf of the state all contested hearings involving allegations of delinquent acts or incorrigibility.

The order dismissing the petition is vacated, and this matter is remanded to the juvenile court with instructions to reinstate the petition.

GREER, P.J., and HAIRE, J., concur.